VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case Nos.    23-AP-255 & 23-AP-256

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2023

In re 237 Points North Road DRB Appeal }   APPEALED FROM:
(Stephanie von Doering\*) }

  }   Superior Court, Environmental Division
In re von Doering NOV Appeal }   CASE NOS. 22-ENV-00125 &
(Stephanie von Doering\*) }        23-ENV-00028
    Trial Judge: Thomas G. Walsh

In the above-entitled cause, the Clerk will enter:

Landowner appeals two orders of the Environmental Division related to a pavilion structure constructed on her property in the Town of Stowe.  She argues that the Environmental Division erred in affirming the Town's denial of a development permit for the structure and dismissing an appeal from a notice of violation for the unpermitted structure.  We affirm.

The record in these consolidated cases indicates the following.  Landowner is the trustee of a trust that owns 3.01 acres of property in the Town at 237 Points North Road, a private road serving more than three dwelling units.  The property is in both the Rural Residential 2 (RR2) and Rural Residential (RR3) zoning districts.  The property is shaped like an irregular key with the tip of the key facing toward Route 100.  The property was created by the subdivision of a 19.31-acre lot that had frontage on both Route 100 and Points North Road.  The property now only has frontage on Points North Road and is connected by a fifty-foot right-of-way to Route 100.

Landowner constructed a 913 square foot pavilion less than seventy feet from the street line of Points North Road without obtaining a permit.  In June 2022, landowner sought a permit, which the Zoning Administrator denied for failure to comply with a seventy-foot, front-yard setback requirement.  Landowner did not appeal.  In July 2022, landowner applied again for an after-the-fact zoning permit for the pavilion.  There were no physical changes to the proposed project.  Landowner asserted that Points North Road ran along the side yard of the property and therefore the front-yard setback did not apply.  The Zoning Administrator again denied the request on the ground that the pavilion did not meet the front-yard setback requirement.  Landowner appealed this decision to the Development Review Board (DRB), which affirmed.  Landowner then appealed to the Environmental Division.

In December 2022, following the DRB's decision denying the permit, the Zoning Administrator gave appellant a notice of violation (NOV), alleging that the pavilion was an unpermitted structure larger than 100 square feet and the structure violated the applicable setback requirement. Landowner appealed the NOV to the DRB and asked the DRB to stay the NOV pending resolution of the appeal of violation. In a January 2023 decision, the DRB denied the appeal of the NOV and denied appellant's request for a stay. Appellant did not timely appeal the DRB's January 2023 decision to the Environmental Division. In March 2023, landowner attempted to appeal the January 2023 DRB decision related to the NOV. The Environmental Division dismissed the appeal as untimely filed.

In an August 2023 decision, the Environmental Division denied landowner's challenge to the DRB's decision denying her permit application following an on-the-record review. The main issue in the appeal was whether the Town erred in applying the front-yard setback requirement of seventy feet for the RR3 district. Landowner argued that the side-yard setback should apply, or the front-yard setback should be measured from where the road first met the property. The Town argued that the front setback is measured from where the property adjoins Points North Road and runs along this property line. The Environmental Division agreed that the pavilion did not comply with the front-yard setback requirements. It concluded that the purpose of the front setback is to "place structures a distance from the street line and keep that area as open space." The Environmental Division concluded that the structure was less than seventy feet from the street line and therefore did not comply with the applicable front-yard setback. Landowner appealed both decisions and the appeals were consolidated for review.

With respect to the denial of her permit request, landowner reiterates the arguments made to the Environmental Division, asserting that the side-yard setback should apply given the history of the property.

On appeal, this Court reviews zoning provisions using principles of statutory construction without deference to the trial court. In re Confluence Behav. Health, LLC, 2017 VT 112, ¶ 17, 206 Vt. 302. The goal of interpreting zoning regulations is to give effect to the regulation's intent and this Court is "bound by the plain meaning of the words unless the express language leads to an irrational result." Id. ¶ 20 (quotation and alternation omitted).

Here, the Town's zoning regulations define setback as the "shortest distance between the nearest portion of the structure on a lot and the edge of a road right-of-way, a shoreline, or a property line." The front-yard setback is the distance "from the street line to the closest portion of any structure, including rooflines, porches and sills, except steps." The front-yard setback runs from the "street line," which is the line "dividing the street right-of-way and the lot."

Under the plain meaning of these provisions, it is evident that landowner's structure is within the front-yard setback. It is undisputed that Points North Road meets the definition of street under the regulations, that the property shares a boundary with Points North Road, and that the closest part of the pavilion structure is less than seventy feet from the street line of Points North Road.

There is no merit to landowner's assertion that the side-yard setback is applicable because the property, before subdivision, faced Route 100, and this part of the property was not identified as the front yard on a survey. The zoning regulations do not use the historical condition of the property or survey data to measure the setback. Moreover, even if this were a

2

corner lot with frontage on two streets, the front-yard setback would apply to both sides under the Town's regulations. Regardless of how the property was previously oriented, the question here is the present characteristics of the property, and the front-yard setback is therefore measured from the line dividing landowner's property and the only road it intersects, Points North Road.

Landowner also asserts that the setback is measured from the place where the property first meets the street line, and from that point, the pavilion is beyond the setback. Landowner's construction of the zoning regulations to use a further starting point to measure the setback is at odds with the plain language of the zoning regulations, which use the closest place to the road. The definition of setback is focused on the "shortest distance between the nearest portion of the structure on a lot and the edge of a road right-of-way" and the definition of front-yard setback uses the "closest portion" of the structure for measurement. Under the unambiguous definitions in the zoning regulations, landowner's structure is within the setback and therefore the Environmental Division properly affirmed the Town's denial of a permit.

Landowner next argues that her NOV should have been dismissed because the Environmental Division erred in not granting an earlier stay of the NOV. Landowner cites to an enforcement action that is currently pending in the Environmental Division, but not part of this appeal. In her reply brief, landowner agrees that the arguments regarding the stay are moot because the Environmental Division did stay the enforcement action pending this appeal.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice

3